UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES G. WILDER,

      Plaintiff,

v.                                                            Case No: 6:18-cv-2103-Orl-NPM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

**OPINION AND ORDER**

Plaintiff James G. Wilder seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for supplemental social security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 25). For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 405(g) of the codified Social Security Act, 42 U.S.C. § 301 *et seq.*

**I.      Social Security Act Eligibility and the ALJ Decision**

      **A.      Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other substantial gainful activity that exists in the

national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

## B.    Procedural history

On March 15, 2015, Plaintiff applied for a period of disability and disability insurance benefits.  (Tr. at 93, 224-25).  On February 3, 2015, Plaintiff applied for supplemental security income ("SSI").  (Tr. at 95, 216-221).  In both applications, Plaintiff asserted an onset date of January 1, 2005.  (*Id.* at 216, 224).  Plaintiff's applications were denied initially on July 23, 2015 and on reconsideration on January 28, 2016.  (*Id.* at 93, 95, 123, 124).  On February 28, 2018, Plaintiff amended his alleged onset date to December 11, 2016 (*Id.* at 354), which precluded Plaintiff from disability insurance benefits.  (*Id.* at 16).  Administrative Law Judge Doug Gabbard, II ("ALJ") held a hearing on March 8, 2018.  (*Id.* at 35-69).  The ALJ issued an unfavorable decision on April 11, 2018.  (*Id.* at 13-28).  On October 11, 2018, the Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-6).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on December 7, 2018, and the case is ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 19).

## C.    Summary of the ALJ's decision

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  The five-step process determines whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof and persuasion through step four and then the burden of proof shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found Plaintiff met the insured status requirements through December 31, 2006. (Tr. at 19). At step one of the evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 11, 2016, the amended alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "degenerative disc disease, degenerative joint disease, affective disorders, and attention deficit hyperactivity disorder (ADHD) (20 C.F.R. §§ 404.1520(c) and 416.920(c))." (*Id.*). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.*).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he must not climb ladders, ropes or scaffolds. He can occasionally crawl. He can frequently reach, including overhead, with his left non-dominant arm. He is limited to unskilled work, which is simple, repetitive, and routine. His supervision must be simple, direct, concrete, and uncritical. He would perform best in a work setting where he would frequently work alone, defined as not being in tandem with a team. Interpersonal contact with supervisors and coworkers must be incidental to the work performed. He must not be required to work at fast-

paced production line speeds. He should have only occasional workplace changes. He should have only occasional contact with the general public.

(*Id.* at 21).

The ALJ found Plaintiff could not perform his past relevant work as an industrial truck operator, hand packager, kitchen helper, cashier, or general hardware salesperson. (*Id.* at 26).   Considering Plaintiff's age, education, work experience, and RFC, the ALJ found jobs existed in significant numbers in the national economy that Plaintiff could perform.   (*Id.*).   In support, the ALJ noted the vocational expert identified these representative occupations: (1) housekeeping cleaner, DOT[1] #323.687-014, SVP[2] 2, light; and (2) small product assembler, DOT #706.684-022, SVP 2, light.   The ALJ concluded Plaintiff was not under a disability from December 11, 2016, through April 11, 2018, the date of the decision.   (*Id.*).

## II.    Analysis

### A.    Standard of review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the

---

[1] "DOT" refers to the *Dictionary of Occupational Titles*.

[2] "SVP" refers to Specific Vocational Preparation and indicates the amount of time required for a typical claimant to learn the techniques, acquire the information, and develop the facility needed for average performance in a job.   POMS DI § 25001.001 (A) (77).

existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the record as a whole, accounting for evidence both favorable and unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## B.     Whether the ALJ properly weighed the medical opinions of record

On appeal, Plaintiff raises the following issue: Whether the ALJ properly weighed the medical opinions of record based on an adequate rationale and substantial evidence. (Doc. 25 at 13). Plaintiff argues the ALJ erred in affording more weight to the opinions of two non-examining, state-agency psychologists than to the opinion of Plaintiff's treating psychologist, Ryan Barnett, Psy.D. (Doc. 25 at 13). To support his argument, Plaintiff claims the opinions of the state-agency psychologists were provided approximately one year before the amended alleged onset date of December 11, 2016, and thus do not include a review of Dr. Barnett's treatment notes that began on August 3, 2017. (*Id.*).

Plaintiff also contends the notes of an examining physician, Dr. Michelle Pearce, support Dr. Barnett's opinion. (*Id.* at 14).

The Commissioner argues the ALJ properly gave little weight to Dr. Barnett's opinion because it was conclusory and unsupported by citation to any objective evidence. (*Id.* at 22). The Commissioner asserts the ALJ properly articulated good cause for giving Dr. Barnett's opinion little weight. (*Id.*). Thus, the Commissioner contends, the ALJ did not err in weighing the opinions of the state agency psychologists and consultative examiners. (*Id.* at 26).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the physician's statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). When weighing medical opinions, an ALJ must consider many factors. 20 C.F.R. § 404.1527(c). "For instance, the Social Security regulations command that the ALJ consider (1) the examining relationship; (2) the treatment relationship, including the length and nature of the treatment relationship; (3) whether the medical opinion is amply supported by relevant evidence; (4) whether an opinion is consistent with the record as a whole; and (5) the doctor's specialization." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d

1245, 1260 (11th Cir. 2019) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* The ALJ need not specifically refer to every piece of evidence in his decision so long as the ALJ's decision is not a broad rejection that suggests the ALJ did not consider the record as a whole. *Raymond v. Soc. Sec. Admin., Comm'r*, 778 Fed. Appx. 766, 775 (11th Cir. 2019) (citations omitted).

Here, the ALJ weighed the medical opinions in accordance with the factors in the regulations and adequately articulated specific justification for discounting Dr. Barnett's opinion. Dr. Barnett treated Plaintiff approximately three times over four months before opining, in February 2018, that Plaintiff could not function when interacting with the public, remember work-like procedures, understand and remember short and simple instructions, maintain regular attendance, and manage his own benefits. (Tr. at 706).

Substantial evidence supported a contrary finding—that the claimant was not so limited in his abilities; thus, the ALJ had good cause to afford less weight to a treating physician's opinion than the other medical opinions in evidence because Dr. Barnett "cited no evidence whatsoever of examination findings, testing, or treatment for any condition." (Tr. at 25-26). *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). The record reflects the ALJ carefully considered the treatment notes and medical

opinion of Dr. Barnett and how those opinions fit in the record as a whole. Thus, based on Dr. Barnett's conclusory statements and the evidence supporting a contrary finding, the ALJ properly gave his opinion little weight.

Plaintiff's argument that the ALJ improperly relied on medical assessments made before the amended alleged onset date of December 11, 2016 is not persuasive. The ALJ here supported his finding with medical records both before and after the amended alleged onset date. *See generally Rivera v. Comm'r of Soc. Sec.*, No. 6:14-cv-0067-Orl-DAB, 2014 WL 7404077, at *3 (M.D. Fla. Dec. 30, 2014) (affirming the ALJ's decision in relying on reports before and after the amended alleged onset date.). State-agency psychologists, Kirk Boyenga, Ph.D. and Kevin Ragsdale, Ph.D. both opined Plaintiff could comprehend basic instructions and perform simple tasks with limited social interaction. (Tr. at 70-92, 97-112). Although Plaintiff argues Dr. Boyenga and Dr. Ragsdale did not have the opportunity to review Dr. Barnett's treatment notes, the ALJ reviewed all the record evidence, and found the opinions of Dr Boyenga and Dr. Ragsdale were "consistent with the medical record as a whole." (*Id.* at 24-25). The ALJ did not err in assigning their opinions great weight. The ALJ must weigh all the medical evidence and is not limited to the evidence in existence or available at the time the medical source rendered his or her opinion. *See* 20 C.F.R. § 416.927(c)(4).

What is more, Plaintiff did not show an exacerbation of his impairments that might render the earlier medical records irrelevant. Furthermore, there is substantial evidence that the medical records from before the amended alleged onset date do not conflict with the medical records from after the amended alleged onset date. For example, Dr. Fulton opined, on February 2, 2017, that Plaintiff made an "excellent recovery" and noted that

Plaintiff reported no seizure activity.   Dr. Fulton also found Plaintiff had no residual neurologic deficit and released Plaintiff from his care.   And while Plaintiff reported eight or nine seizures since February 2017 with headaches nearly every day, when receiving inpatient care at Health First's Home Regional in June 2017, he did not see a physician. Dr. Patsamatla noted Plaintiff's recent cocaine use, but found Plaintiff alert and oriented with appropriate mood and affect.   During the same time, Dr. Pearce performed a mental status examination and found Plaintiff's memory intact with good attention and concentration.   For such reasons, the ALJ's review of the medical records from before and after the amended alleged onset date was not improper, and his decision to afford Plaintiff's treating physician little weight is supported by good cause.

## III.    Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds substantial evidence supports the ALJ's decision and that there was either no error or no harmful error in the ALJ's application of the correct legal standard.

Accordingly, it is hereby **ORDERED**:

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g)**.**   The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 26, 2020.

_Nicholas P. Mizell_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record